UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ZACHARY KNOTTS and LINDSAY KNOTTS,<br><br>*Plaintiffs,*<br><br>v.<br><br>CITY OF CUYAHOGA FALLS, DYLAN PARATORE, in his individual and official capacities, and BRADFORD DOBNEY in his individual and official capacities,<br><br>*Defendants.* | Case No. 5:25-cv-01120<br><br>**Judge John R. Adams** |

### DECLARATION OF PLAINTIFF LINDSAY KNOTTS

Pursuant to 28 U.S.C. § 1746, I state the following:

1. I am a citizen of the United States and a resident of the State of Ohio. I am over the age of eighteen years.

2. I am a Plaintiff in the above-captioned case. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently to them.

3. I am married to Zachary Knotts, my co-plaintiff in this action.

4. I am a pro-life advocate and sidewalk evangelist who regularly exercises my First Amendment rights to speak publicly about the sanctity of human life and to counsel women considering abortion.

5. On December 28, 2024, my husband and I traveled to the Northeast Ohio Women's Center ("NEOWC"), an abortion clinic located in Cuyahoga Falls, Ohio, to peacefully exercise our First Amendment rights by protesting the performance of abortions.

Page **1** of **4**

6. We remained exclusively on the public sidewalk throughout our entire time at the clinic. At no point did we enter onto NEOWC property or approach any visitors to the clinic while they were on private property.

7. My husband brought a small, battery-powered megaphone to amplify his pro-life message so that it could be heard by more people in the area.

8. The volume of my husband's megaphone was quite modest—it was easily drowned out by traffic noise and was significantly quieter than the ambient sounds of the street.

9. I took a video that documented the fact that the volume of my husband's audio was modest and was easily drowned out by the noises of passing traffic. A true and accurate copy of that video I took is attached as Exhibit 1 to this declaration, in the form of a file included on the flash drive submitted as an attachment thereto.

10. Also present at the clinic were several abortion clinic escorts who were actively working to silence our pro-life message and intimidate us.

11. These escorts used their own sound amplification devices and musical instruments, including whistles and kazoos, specifically to drown out my husband's speech.

12. The noise from their devices was comparable to, if not louder than, my husband's megaphone.

13. The escorts' behavior toward us was aggressive and threatening. They repeatedly shoved umbrellas directly into our faces in a manner intended to intimidate and harass us.

14. I witnessed one escort make an extremely disturbing threat to my husband, telling him to "suck-start a shotgun."

15. I documented much of what occurred on December 28, 2024, by taking video recordings on a Go-Pro chest camera and my cell phone.

Docusign Envelope ID: 26589DAD-5EFC-46FD-BF78-4AA97AD8DB8B

16. The video I recorded shows abortion clinic escorts actively using sound-making devices and musical instruments, including whistles and kazoos, to create noise specifically intended to drown out my husband's pro-life message. A true and accurate copy of that video I recorded is attached as Exhibit 2 to this declaration, in the form of a file included on the flash drive submitted as an attachment thereto.

17. The video also documents the aggressive behavior of the escorts, including their use of umbrellas to harass and intimidate us.

18. My video recordings demonstrate that the escorts were engaging in the exact same type of conduct that the City Ordinance prohibits—using "musical or percussion instrument[s]" and sound amplifying devices to create noise that would cause "inconvenience" and "annoyance" to others.

19. The video also demonstrates that the sound volume the escorts were producing was louder than the activity of me and my husband.

20. Despite this clear documentation of comparable conduct by the escorts, only my husband was cited and arrested.

21. After my husband's megaphone batteries died, police officers Bradford Dobney, Dylan Paratore, and Christian Bullock of the Cuyahoga Falls Police Department arrived in response to a noise complaint.

22. Significantly, neither officer witnessed my husband actually using the megaphone, as it had already run out of power by the time they arrived.

23. I observed that the police officers only took a statement from NEOWC's private security guard, who was also a Cuyahoga Falls police officer working an off-duty security job for the abortion clinic. They questioned no other witnesses, including us.

Page 3 of 4

24. Despite being aware of the escorts' threatening behavior and their use of noise-making devices that violated the same ordinance, the officers took no action whatsoever against any of the escorts.

25. Not a single escort was cited.

26. When I informed the officers about the explicit threats that had been made against us, including the "suck-start a shotgun" comment, they dismissed my concerns by telling me that these threatening statements were "not a crime."

27. Meanwhile, my husband was detained, placed in the back of the police cruiser, and cited for violating Cuyahoga Falls City Ordinance § 509.03(a)(6).

28. Since December 28, 2024, out of fear of prosecution and arrest, we have completely refrained from using any form of voice amplification during our pro-life advocacy activities on the public sidewalk outside NEOWC.

29. This self-censorship has significantly diminished the effectiveness of our message and our ability to reach people who might benefit from hearing our pro-life advocacy.

30. The only meaningful difference between our conduct and that of the escorts was the message being conveyed: we were advocating for the pro-life position, while the escorts were advocating for the pro-abortion position.

31. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Declaration concerning myself, my activities, and my intentions are true and correct pursuant to 28 U.S.C. § 1746.

Executed on 6/3/2025,

Signed by: *Mrs. Lindsay Knotts*

Lindsay Knotts

Page 4 of 4