**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ZACHARY KNOTTS and LINDSAY KNOTTS,** | ) | |
| | ) | |
| | ) | **Case No. 5:25-CV-01120-JRA** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **CITY OF CUYAHOGA FALLS, DYLAN PARATORE, in his individual and official capacities, and BRADFORD DOBNEY in his individual and official capacities,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

II.     FACTUAL BACKGROUND ............................................................................ 1

III.    STATEMENT OF THE ISSUES.................................................................... 3

IV.    LEGAL STANDARD ..................................................................................... 3

V.     ARGUMENT ................................................................................................. 4

     A.     Plaintiffs' Claims Fail Because The Ordinance Is a Constitutional, Content-Neutral Restriction ................................................................... 4

           1.     The Ordinance serves a significant government interest. ............................ 6

           2.     The Ordinance is narrowly tailored and leaves open adequate alternative channels for communication. ....................................... 6

     B.     Plaintiffs' Claims Fail Because The Ordinance Is Not Vague or Overbroad ............ 8

           1.     The Ordinance is not vague. ....................................................... 9

           2.     The Ordinance is not substantially overbroad. ............................................. 11

     C.     Plaintiffs' As-Applied Violation for Viewpoint Discrimination Fails ................... 13

     D.     Plaintiffs' Claims for Violation of the Right to Free Exercise Fail ........................ 14

     E.     Plaintiffs' Equal Protection Claims Fail ................................................. 16

VI.    CONCLUSION............................................................................................. 18

CERTIFICATE OF LOCAL RULE 7.1 COMPLIANCE

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am.-Arab Anti-Discrimination Comm. v. City of Dearborn*, 418 F.3d 600, 608-09 (6th Cir. 2005) ............................................................................................................... 8

*Amelkin v. McClure*, 205 F.3d 293, 296 (6th Cir. 2000) ........................................ 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 3, 4

*Birth Control Centers, Inc. v. Reizen*, 743 F.2d 352, 359 (6th Cir. 1984) .................. 17

*City of Akron v. Pouliot*, 2011-Ohio-2504, *P14 (Ohio Ct. App. 2011) ............... passim

*City of Houston v. Hill*, 482 U.S. 451, 458 (1987) ................................................ 12

*Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984) ....................... 5

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ............... 17

*Cunningham v. Sisk*, 136 Fed. Appx. 771, 775 (6th Cir. 2005) ................................ 17

*Eastwood Mall v. Slanco,* 626 N.E.2d 59, 61 (Ohio 1994) ...................................... 4

*Employment Div. v. Smith*, 494 U.S. 872, 877-78 (1990) ....................................... 15

*Fambrough v. City of E. Cleveland*, 2023 U.S. Dist. LEXIS 141805, *41 (N.D. Ohio Aug. 14, 2023) ...................................................................................... 11, 12

*Freshwater v. Mt. Vernon City School Dist. Bd. of Edn.*, 1 N.E.3d 335, 352 (Ohio 2013) .... 14, 15

*Frisby v. Schultz*, 487 U.S. 474, 485 (1988) .......................................................... 7

*Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000) .................................... 18

*Gaughan v. City of Cleveland*, 2005 U.S. Dist. LEXIS 29862, *36 (N.D. Ohio Nov. 29, 2005) ................................................................................................ 6

*Gaughan v. City of Cleveland*, 212 F. App'x 405, 416 (6th Cir. 2007) ................... passim

*Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) ....................................... 8, 9

*Green Genie, Inc. v. City of Detroit, Mich.*, 63 F.4th 521, 527 (6th Cir. 2023) ............. 17

*Harrington v. City of Brentwood*, 726 F.3d 861, 864 (6th Cir. 2013) ....................... 6, 7

*Humphrey v. Lane*, 728 N.E.2d 1039, 1045 (Ohio 2000) ....................................... 16

*Kennedy v. Bremerton School Dist.*, 597 U.S. 507, 525 (2022) ................................ 15

*Kentucky ex rel. Danville Christian Academy, Inc. v. Beshear*, 981 F.3d 505, 509 (6th Cir. 2020) .................................................................................... 15, 16

*Lexington H-L Servs. v. Lexington-Fayette Urban Cnty. Gov't*, 879 F.3d 224, 229 (6th Cir. 2018) .................................................................................................. 7

*Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 584 U.S. 617 (2018) ............ 15

*Meriwether v. Hartop*, 992 F.3d 492, 512 (6th Cir. 2021) ....................................... 15

*Odle v. Decatur County*, 421 F.3d 386, 393 (6th Cir. 2005) ........................................................ 8

*Phelps-Roper v. Strickland*, 539 F.3d 356, 372 (6th Cir. 2008) ................................................... 7

*Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 818 (6th Cir. 2005) ........................... 4, 5

*Reform Am. v. City of Detroit*, 37 F.4th 1138, 1159 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 448 (2022) ......................................................................................................................... 5, 17

*Roberts v. Neace*, 958 F.3d 409, 413 (6th Cir. 2020) ................................................................. 16

*Robol v. City of Columbus*, 2025-Ohio-973, ¶ 37 (Ohio Ct. App. 2025) ............................. 14, 15

*Shuttlesworth v. City of Birmingham*, 382 U.S. 87, 91 (1965) ..................................................... 9

*Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013) ........................................................... 11, 12

*State v. Carrick*, 131 Ohio St. 3d 340, 965 N.E.2d 264, 268 (Ohio 2012) ................................. 11

*State v. Dorso*, 446 N.E.2d 449 (Ohio 1983) ....................................................................... passim

*Teufel v. Princeton City Sch. Dist. Bd. of Educ.*, 2013 U.S. Dist. LEXIS 4923, at *36 (S.D. Ohio Jan. 11, 2013) ....................................................................................................... 13

*TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005) ...................................... 17

*United States v. Albertini*, 472 U.S. 675, 689 (1985) ................................................................... 7

*United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991) .................................................. 17

*United States v. Grace*, 461 U.S. 171, 177-78 (1983) .................................................................. 4

*Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) ............................................... 5, 6, 7, 12

*Zillow, Inc. v. Miller*, 126 F.4th 445, 455 (6th Cir. 2025) ......................................................... 13

**Other Authorities**

Akron City Code 132.16 ............................................................................................................... 10

Codified Ordinances of the City of Cuyahoga Falls, Ohio § 509.03(a)(6) ........................... passim

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 3

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 4

Ohio Constitution Article I, Section 11 .......................................................................................... 4

Ohio Constitution Article I, Section 7 ................................................................................... 14, 16

Ohio Rev. Code § 2917.11(A)(2) ................................................................................................. 11

Ohio Rev. Code § 715.49 ................................................................................................................ 6

U.S. Const. amend. I ................................................................................................................ passim

U.S. Const. amend. XIV .............................................................................................................. 16

Defendants City of Cuyahoga Falls, Dylan Paratore, and Bradford Dobney respectfully submit this Memorandum of Law in Support of Defendants' Partial Motion to Dismiss Counts I, II, III, IV, V, VI, and VII of Plaintiffs' Complaint.

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

This case arises from the application of City of Cuyahoga Falls Ordinance § 509.03(a)(6) (the "Ordinance").  Plaintiffs allege that the Ordinance violates the United States and Ohio Constitutions' protections for free speech, free exercise of religion, and equal protection.  The Ordinance, however, is a facially content-neutral law, protects a significant government interest, is narrowly tailored, leaves open adequate alternative channels of communication, and is neither overly broad nor vague.  Further, the application of the Ordinance to Plaintiffs in this instance does not create an as-applied violation of the Plaintiffs' First Amendment Rights.  Plaintiffs' free exercise and equal protection claims similarly fail to establish a basis on which relief may be granted and must be dismissed.  Plaintiffs have not plausibly alleged that the Ordinance interferes with Plaintiffs' ability to freely exercise their religion.  Nor have Plaintiffs demonstrated a violation of their equal protection rights where the Ordinance was not selectively enforced against them.

## II.     FACTUAL BACKGROUND

The City of Cuyahoga Falls is a city located in Summit County, Ohio, and was founded in 1812.  Cuyahoga Falls operates its local government under the powers granted to municipalities by the Constitution and laws of Ohio and enacted the Charter of the City of Cuyahoga Falls (the "Charter").  Under Articles I and IV of the Charter, the City Council possesses the authority to enact ordinances applicable to the City of Cuyahoga Falls.  Included in the ordinances duly adopted by the City Council are those under Chapter 509 of the General Offenses Code, titled Disorderly Conduct and Peace Disturbance, which reads:

1

509.03 DISORDERLY CONDUCT.

(a) No person shall recklessly cause inconvenience, annoyance or alarm to another, by doing any of the following:

.    .    .

(6) Generating or, being the owner or person in possession or control of a vehicle or premises by reason of employment, agency, or otherwise, permitting to be generated unreasonable noise or loud sound which is likely to cause inconvenience or annoyance to persons of ordinary sensibilities by means of a radio, phonograph, television, tape player, loudspeaker or any other sound amplifying device or by any horn, drum, piano or other musical or percussion instrument.

.    .    .

B.  The following are exempted from the prohibitions of this section:

1.  Warning and alarm devices which have the purpose of signaling unsafe or dangerous situations or calling for police used for such purposes.

2.  Shows and exhibitions for which a permit has been obtained pursuant to Chapter 753, parades for which a permit has been obtained pursuant to Section 311.02 of the Traffic Code, and live outdoor musical or theatrical performances or concerts conducted under the auspices of or on property owned by any educational, charitable, governmental or religious organization or live outdoor musical or theatrical performances or concerts conducted at any outdoor entertainment facility where such use is legal under the Zoning Code.

Codified Ordinances of the City of Cuyahoga Falls, Ohio § 509.03(a)(6).

Plaintiffs Zachary and Lindsay Knotts allege they are pro-life advocates who engage in street evangelism.  (ECF No. 1 at ¶¶ 23-24, 31).  As part of these activities, on December 28, 2024 the Plaintiffs were protesting outside of a clinic located within the City of Cuyahoga Falls.  (ECF No. 1 at ¶ 43).  The Plaintiffs utilized a megaphone to amplify their speech.  (ECF No. 1 at ¶ 44). Plaintiffs allege a local resident phoned the police, complaining of excessive noise from the Plaintiffs' megaphone.  (ECF No. 1 at ¶¶ 58-59).  Defendants Paratore and Dobney arrived and cited Mr. Knotts for violation of the Ordinance.  (ECF No. 1 at ¶¶ 61, 69).  Ultimately, the charge for violation of the Ordinance was dropped prior to trial.  (ECF No. 1 at ¶ 72).  Plaintiffs admit

they continue to engage in protest activities since December 28, 2024 in the same location but claim they no longer use a megaphone out of fear of prosecution. (ECF No. 1 at ¶¶ 4-5, 110; ECF No. 3 at ¶ 3).

## III.   STATEMENT OF THE ISSUES

Whether Plaintiffs' claims under Counts I and VII that the Ordinance is facially unconstitutional should be dismissed because the Ordinance is a constitutional, content-neutral restriction?

**Suggested Answer: Yes**

Whether Plaintiffs' claims under Counts II and VII that the Ordinance is void for vagueness should be dismissed because the Ordinance is not vague as a matter of law?

**Suggested Answer: Yes**

Whether Plaintiffs' claims under Counts III and VII that the Ordinance constitutes an as-applied violation of Plaintiffs' speech rights fail because Plaintiffs' allegations fail to adequately state a claim for relief?

**Suggested Answer: Yes**

Whether Plaintiffs' claims under Counts IV and VI that the Ordinance violates the right to free expression under the United States and Ohio Constitutions fail to adequately state a claim for relief?

**Suggested Answer: Yes**

Whether Plaintiffs' claims under Count V that the Ordinance violates Plaintiffs' equal protection rights fail to adequately state a claim for relief?

**Suggested Answer: Yes**

## IV.   LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## V.  ARGUMENT

### A.  Plaintiffs' Claims Fail Because The Ordinance Is a Constitutional, Content-Neutral Restriction

Plaintiffs claim that the Ordinance constitutes a facial violation of the First Amendment and Ohio Constitution.[1]  The First Amendment to the United States Constitution prohibits the government from making any law abridging the freedom of speech.  U.S. Const. amend. I.  The First Amendment, however, "does not guarantee the right to communicate one's views at all times and places or in any manner." *Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 818 (6th Cir. 2005).  The Supreme Court has held that "people who wish to propagandize protests or views" do not have a constitutional right to do so "whenever and however and wherever they please." *Gaughan v. City of Cleveland*, 212 F. App'x 405, 416 (6th Cir. 2007) (citing *United States v. Grace*, 461 U.S. 171, 177-78 (1983)). Although traditional public forum property, such as a sidewalk, occupies a special position in terms of First Amendment protection, and the government may not prohibit all communicative activity on such property, Supreme Court precedent:

> makes clear . . . that even in a public forum the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions "are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and

---

[1] Plaintiffs acknowledge that Article I, Section 11 of the Ohio Constitution is co-extensive with the First Amendment's protections of free speech.  (ECF No. 1 at ¶ 154); *see also Eastwood Mall v. Slanco*, 626 N.E.2d 59, 61 (Ohio 1994) (holding that "the free speech guarantees accorded by the Ohio Constitution are no broader than the First Amendment, and that the First Amendment is the proper basis for interpretation of Section 11, Article I of the Ohio Constitution").

> that they leave open ample alternative channels for communication
> of the information."

*Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (quoting *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984)).

Plaintiffs allege that the Ordinance is a content-based restriction on speech in a public forum.  (ECF No. 1 at ¶ 82).  It is not.  "The principal inquiry in determining content neutrality, in speech cases generally and in time, place, or manner cases in particular, is whether the government has adopted a regulation of speech because of disagreement with the message it conveys."  *Id.*  "A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others."  *Id.*; *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984) (government regulation of expressive activity is content neutral so long as it is "justified without reference to the content of the regulated speech").

Here, the Ordinance does not purport to regulate the content of protected speech.  Rather, it regulates the use of certain equipment, specifically, "radio, phonograph, television, tape player, loudspeaker or any other sound amplifying device or . . . any horn, drum, piano or other musical or percussion instrument."  The regulation of such audio equipment evidences a content-neutral regulation under existing case law.  *See City of Akron v. Pouliot*, 2011-Ohio-2504, *P14 (Ohio Ct. App. 2011).  The Supreme Court has explicitly recognized noise abatement as a permissible basis for regulation.  *See Ward*, 491 U.S. 781; *Reform Am. v. City of Detroit*, 37 F.4th 1138, 1159 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 448 (2022) ("There is no First Amendment right to amplified sound *per se* . . .").  Noise abatement has nothing to do with the content or viewpoint of any speech that may be restricted or prohibited by the Ordinance and therefore satisfies the requirement that time, place, or manner regulations be content neutral.  *See Ward*, 491 U.S. at 792; *Prime Media*,

398 F.3d at 819 ("The restrictions have no censorial purpose, as they are both viewpoint- and content-neutral and regulate only the non-expressive components of billboards").

A law that is a content-neutral time, place, and manner restriction of a traditional public forum comports with the First Amendment if it serves a significant government interest, is narrowly tailored to that interest, and leaves open adequate alternative channels of communication for the information. *Harrington v. City of Brentwood*, 726 F.3d 861, 864 (6th Cir. 2013). The Ordinance satisfies these requirements.

### 1. *The Ordinance serves a significant government interest.*

The U.S. Supreme Court has held that the government has a substantial interest in protecting its citizens from unwelcome noise. *Ward*, 491 U.S. at 796. This interest is not limited to the home; the government may act to protect even such traditional public forums as city streets and sidewalks from excessive noise. *Gaughan v. City of Cleveland*, 2005 U.S. Dist. LEXIS 29862, *36 (N.D. Ohio Nov. 29, 2005) (citing *Ward*, 491 U.S. at 796). Moreover, the Ohio legislature and Ohio courts recognize that a municipality has a significant interest in the preservation of peace by allowing for the regulation of express matters such as "noise and disturbance." *See* Ohio Rev. Code § 715.49 ("a municipal corporation may prevent riot, gambling, noise and disturbance, and indecent and disorderly conduct or assemblages, preserve the peace and good order, and protect the property of the municipal corporation and its inhabitants."); *Pouliot*, 2011-Ohio-2504, *P15. Here, the Ordinance serves a significant government interest in the preservation of peace by regulating unwelcome noise.

### 2. *The Ordinance is narrowly tailored and leaves open adequate alternative channels for communication.*

An ordinance is narrowly tailored if it does not "burden substantially more speech than is necessary to further the government's legitimate interests." *Ward*, 491 U.S. at 799. The

requirement that an ordinance be narrowly tailored does not require that the ordinance be "the least restrictive or least intrusive means" of accomplishing the government's goal.  *Id.* at 798.  A regulation does not violate the First Amendment "simply because there is some imaginable alternative that might be less burdensome on speech."  *Lexington H-L Servs. v. Lexington-Fayette Urban Cnty. Gov't*, 879 F.3d 224, 229 (6th Cir. 2018) (quoting *Ward*, 491 U.S. at 797).  The requirement of narrow tailoring is satisfied "so long as the . . . regulation promotes a substantial government interest that would be achieved less effectively absent the regulation."  *Ward*, 491 U.S. at 799 (quoting *United States v. Albertini*, 472 U.S. 675, 689 (1985)).  As such, even "[a] complete ban can be narrowly tailored, but only if each activity within the proscription's scope is an appropriately targeted evil."  *Frisby v. Schultz*, 487 U.S. 474, 485 (1988).  The Ordinance does not proscribe all noise, but only "unreasonable noise" and "loud sound," and then only those noises and sounds which are likely to inconvenience or annoy the reasonable person, and not the hypersensitive.

The government may impose reasonable regulations upon protected speech so long as it leaves open alternative channels of communication.  *Ward*, 491 U.S. at 791.  An alternative channel of communication can be adequate even when the speaker is denied its best or favored means of communication.  *Harrington v. City of Brentwood*, 726 F.3d 861, 865 (6th Cir. 2013) (citing *Phelps-Roper v. Strickland*, 539 F.3d 356, 372 (6th Cir. 2008)).  The key for purposes of the adequate-alternatives analysis is whether the proffered alternatives allow the speaker to reach its intended audience.  *Id.*

At bottom, nothing in the Ordinance prohibits Plaintiffs from expressing their pro-life viewpoints, and they admit they continue to do so.  The Ordinance simply regulates "*unreasonable noise or loud sound which is likely to cause inconvenience or annoyance to persons of ordinary*

7

*sensibilities . . .*" (emphasis added).  Crucially, the Ordinance does not categorically ban the use of megaphones or other sound-amplifying devices, but merely places reasonable restrictions on their use when they cause unreasonable noise that causes inconvenience and annoyance to a reasonable person.  Plaintiffs are still able to advocate in light of the Ordinance and this reasonable restriction is narrowly tailored to serve the government interest. The Ordinance is facially constitutional and this Court should dismiss Counts I and VII of the Complaint.

### B.  Plaintiffs' Claims Fail Because The Ordinance Is Not Vague or Overbroad

Plaintiffs allege in Counts II and VII that the Ordinance is impermissibly vague and overbroad, but the plain language of the Ordinance provides fair warning of the prohibited activity, and its content is not overbroad.  The Ohio Supreme Court has long held that a presumption exists that all legislative enactments are constitutional and that courts shall apply every presumption and relevant rule of construction to uphold a challenged statute or ordinance, if at all possible.  *Pouliot*, 2011-Ohio-2504, *P14 (citing *State v. Dorso*, 446 N.E.2d 449 (Ohio 1983)).  An ordinance is void for vagueness "if its prohibitions are not clearly defined."  *Gaughan*, 212 F. App'x at 409 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).  Specifically, a law is impermissibly vague if it "denies fair notice of the standard of conduct for which the citizen is to be held accountable," or gives law enforcement officials "an unrestricted delegation of power which leaves the definition of its terms to [them]."  *Id.* (quoting *Am.-Arab Anti-Discrimination Comm. v. City of Dearborn*, 418 F.3d 600, 608-09 (6th Cir. 2005)).  A regulation is overbroad if it "reaches a substantial number of impermissible applications' relative to [its] legitimate sweep."  *Id.* at 415 (citing *Odle v. Decatur County*, 421 F.3d 386, 393 (6th Cir. 2005)).  The Ordinance here is neither vague nor overbroad and Plaintiffs' claims on those grounds must be dismissed.

### 1.     The Ordinance is not vague.

Plaintiffs argue that the Ordinance is vague because it does not define a "person of 'ordinary sensibilities'" or "inconvenience." (ECF No. 1 at ¶¶ 98(a),(b)).  To interpret a state or municipal ordinance, federal courts look to see whether state courts have spoken on the issue. *Gaughan*, 212 F. App'x at 409 (citing *Grayned*, 408 U.S. at 109-11).  If a state court has not addressed the ordinance at issue, federal courts will look to the "words of the ordinance itself, the interpretations the state court has given to analogous statutes, and, perhaps to some degree, . . . the interpretation of the statute given by those charged with enforcing it." *Id.* at 409-10 (citing *Grayned*, 408 U.S. at 110) (cleaned up).  "Significantly, the court is to apply a narrowing construction to a state statute if the state courts in question have applied a narrowing construction to a similar statute." *Id.* at 410 (citing *Grayned*, 408 U.S. at 111-12); *see also Shuttlesworth v. City of Birmingham*, 382 U.S. 87, 91 (1965) (providing that federal courts must defer to any narrowing construction given to state ordinances by the state court).

The Ohio Supreme Court examined a similar ordinance to the one at issue in this case in *State v. Dorso*, 446 N.E.2d 449 (Ohio 1983).  In *Dorso*, the Ohio Supreme Court evaluated a Cincinnati ordinance regulating the playing of sound that "disturb[s] the peace and quiet of the neighborhood." *Id.* at 450.  In interpreting the statute, the Ohio Supreme Court first noted that it was "obligated to indulge every reasonable interpretation favoring the ordinance in order to sustain it." *Id.*  It then adopted a reasonable person standard in interpreting the ordinance. *Id.* at 452.  The Ohio Supreme Court in *Dorso* held that the Cincinnati ordinance prohibited the playing of music and amplification of sound "in a manner which could be anticipated to offend the reasonable person, *i.e.*, the individual of common sensibilities." *Id.*  That is, the ordinance "proscribe[d] the transmission of sounds which disrupt the reasonable conduct of basic human activities, *e.g.*, conversation or sleep" and "does not permit the imposition of criminal liability upon a party whose

9

conduct disturbs only the hypersensitive." *Id.*  The court then held that the objective reasonable person standard gave fair notice of the conduct prohibited, and thus, the Cincinnati ordinance was not impermissibly vague.  *Id.* at 453.

Based on the Ohio Supreme Court's interpretation of the Cincinnati ordinance in *Dorso*, the Sixth Circuit Court of Appeals adopted the Ohio Supreme Court's narrow construction and applied a reasonable person standard to a Cleveland sound ordinance because of the similarities between the Cleveland sound ordinance and the Cincinnati ordinance.  *See Gaughan*, 212 F. App'x at 410.  As such, the Sixth Circuit found that the Cleveland sound ordinance did "not permit the imposition of criminal liability upon a party whose conduct disturbs only the hypersensitive."  *Id.* at 412 (quoting *Dorso*, 446 N.E.2d at 452).

Most notably, in *City of Akron v. Pouliot*, 2011-Ohio-2504 (Ohio Ct. App. 2011), the Court of Appeals of Ohio interpreted Akron City Code ("ACC") 132.16, which states: "No person shall generate or permit to be generated unreasonable noise or loud sound which is likely to cause inconvenience or annoyance to persons of ordinary sensibilities by means of a radio, phonograph, television, tape player, loudspeaker or any other sound amplifying device or by any horn, drum, piano or other musical or percussion instrument."  *Id.* at *P6.  ACC 132.16 is nearly identical to the Ordinance here.  Relying on *Dorso*, the Ohio Court of Appeals found that ACC 132.16 was neither vague nor overbroad.  *Id.* at *P18.  It did not regulate the content of speech; rather, it merely proscribed the generation of "unreasonable" sounds that would likely disturb "persons of ordinary sensibilities," *i.e.*, "the reasonable person."  *Id.* at *P10.  Therefore, the court concluded that ACC 132.16 provided fair warning of the conduct proscribed and the constitutional challenges to it failed.  *Id.* at *P10, P18.

Similarly, the phrase "inconvenience, annoyance, or alarm" has been cited favorably by the Ohio Supreme Court as providing "specific factors" to qualify the prohibited conduct of the Ohio disorderly conduct statute, R.C. 2917.11(A)(2).  *State v. Carrick*, 131 Ohio St. 3d 340, 965 N.E.2d 264, 268 (Ohio 2012).  The court held that "inconvenience, annoyance, or alarm" "sets forth sufficient standards to place a person of ordinary intelligence on notice of what conduct the statute prohibits." *Id.*

This Court is guided by a narrow construction of similar statutes in *Dorso* and *Pouliot*, as well as the Sixth Circuit's approval of the Ohio courts' interpretation of such statutes in *Gaughan* and the Ohio Supreme Court's decision in *Carrick*.  Here, a violation of the Ordinance depends upon the sensitivity of "persons of ordinary sensibilities," which is akin to the reasonable person standard, and the standard of "inconvenience or annoyance" applies the specific factors to qualify the prohibited conduct.  Accordingly, the Ordinance provides constitutionally sufficient fair warning for what conduct is criminally punishable and is not unconstitutionally vague, and Counts II and VII of Plaintiffs' Complaint must be dismissed.

### 2.    The Ordinance is not substantially overbroad.[2]

"Where a plaintiff makes a facial challenge under the First Amendment to a statute's constitutionality, the 'facial challenge' is an 'overbreadth challenge.'" *Fambrough v. City of E. Cleveland*, 2023 U.S. Dist. LEXIS 141805, *41 (N.D. Ohio Aug. 14, 2023) (quoting *Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013)).  A plaintiff must show substantial overbreadth— namely, that the statute prohibits "a substantial amount of protected speech both in an absolute sense and relative to [the statute's] plainly legitimate sweep[.]" *Id.* (citing *Speet*, 726 F.3d at 872).

---

[2] Plaintiffs' Complaint does not explicitly challenge the Ordinance as overbroad. However, in their Motion for Preliminary Injunction (ECF No. 3), Plaintiffs do raise overbreadth as grounds for granting the Motion and invalidating the Ordinance. Therefore, to the extent Plaintiffs' Complaint can be read to contain an overbreadth challenge, Defendants submit that the Ordinance is not overbroad.

Only a statute that is substantially overbroad may be invalidated on its face.  *Id.* (citing *City of Houston v. Hill*, 482 U.S. 451, 458 (1987)).  "To succeed in an overbreadth challenge, therefore, a plaintiff must demonstrate from the text of [the statute] and from actual fact that a substantial number of instances exist in which the [statute] cannot be applied constitutionally."  *Id.*  (quoting *Speet*, 726 F.3d at 873)).

Plaintiffs argue that Ordinance here invites arbitrary, discriminatory enforcement.  The Supreme Court in *Ward* rejected a facial challenge to a noise ordinance where the theory was that government officials purportedly had unbridled discretion over noise amplification:

> [G]overnment ha[s] a substantial interest in protecting its citizens from unwelcome noise. This interest is perhaps at its greatest when government seeks to protect the well-being, tranquility, and privacy of the home, but it is by no means limited to that context, for the government may act to protect even such traditional public forums as city streets and parks from excessive noise.

*Ward,* 491 U.S. at 796 (quotations and citations omitted).  While "the officials implementing them will exercise considerable discretion, perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity."  *Id.* at 794; *see, e.g.*, *Dorso*, 446 N.E.2d at 453 (recognizing that noise ordinances will be "inherently imperfect").  "The validity of [time, place, or manner] regulations does not turn on a judge's agreement with the responsible decisionmaker concerning the most appropriate method for promoting significant government interests or the degree to which those interests should be promoted."  *Id.* at 800 (quotation omitted).

Here, Plaintiffs claim that the officers only cited and arrested Mr. Knotts, ignoring the abortion escorts making noise with comparable devices.  (ECF No. 3 at ¶ 12).  Yet, as Plaintiffs concede in their Complaint, a local resident phoned the police, specifically complaining of excessive noise from Mr. Knotts' megaphone.  (ECF No. 1 at ¶¶ 58-59).  The officers responded

12

to a specific complaint—they did not arbitrarily enforce the Ordinance.  As such, Plaintiffs' overbreadth argument fails.

### C.     Plaintiffs' As-Applied Violation for Viewpoint Discrimination Fails

Plaintiffs also argue that the Ordinance, as applied, constitutes viewpoint discrimination. As opposed to Plaintiffs' facial challenges to the Ordinance, the "as-applied constitutional challenge 'consists of a challenge to the statute's application only to the party before the court[.]'" *Zillow, Inc. v. Miller*, 126 F.4th 445, 455 (6th Cir. 2025) (quoting *Amelkin v. McClure*, 205 F.3d 293, 296 (6th Cir. 2000)).  "A facially constitutional time, place, or manner restriction will be unconstitutional as applied where the restriction is content neutral on its face but has been applied in a viewpoint specific manner." *Teufel v. Princeton City Sch. Dist. Bd. of Educ.*, 2013 U.S. Dist. LEXIS 4923, at *36 (S.D. Ohio Jan. 11, 2013).

The Sixth Circuit's decision in *Gaughan* illustrates a similar situation to this matter.  In that case, the plaintiff was cited twice for noise violations.  In the second instance, the police received complaints of the plaintiff playing an audio recording near a clinic in a manner that disturbed nearby residents.  212 Fed. Appx. at 408.  In affirming dismissal of the complaint, the court noted that "[a]lthough Gaughan alleges that the police arrested him based upon the second complaint by the employee of the clinic, he did not allege specifically that the police arrested him based upon the clinic employee's objection to the *content* of his speech." *Id.* at 417 (emphasis in original).  As such, "there is no indication that the police acted because of the content of the speech." *Id.*

Plaintiffs allege that an "unwritten policy" exists for the Cuyahoga Falls Police department to only enforce the Ordinance against pro-life protestors.  (ECF No. 1 at ¶ 115).  Plaintiffs base this allegation solely on the citation of Mr. Knotts on December 28, 2024 and the allegation that other individuals were not cited at the same time for use of "kazoos and whistles."  (ECF No. 1 at

13

¶ 46).  There are no factual allegations to support the existence of any unwritten policy to enforce the Ordinance only with regard to speakers such as Plaintiffs.  Instead, the Complaint acknowledges that, other than on December 28, 2024, the Plaintiffs engaged in their speech activities without any interference.  The crucial difference as to that date was that a nearby resident complained the megaphone was overly loud.  (ECF No. 1 at ¶ 60).  As a result of this complaint, Sergeant Dobney and Patrolman Paratore were dispatched and ultimately cited Mr. Knotts for violation of the Ordinance following their review of video taken by an off-duty officer.  (ECF No. 1 at ¶¶ 61-65).

Like in *Gaughan*, the Plaintiffs here cannot establish that the citation to Mr. Knotts was issued because of the content of Mr. Knotts' speech.  Instead, the citation was based on a complaint made by a resident who complained of excessive noise, but there is no indication the resident complained of the content of the speech or that Sargeant Dobney and Officer Paratore acted because of the content of Mr. Knotts' speech.  The Complaint lacks the well-pleaded facts required to support an as-applied challenge to the Ordinance, and Counts III and VII of Plaintiffs' Complaint should be dismissed.

### D.    Plaintiffs' Claims for Violation of the Right to Free Exercise Fail

Plaintiffs allege in Counts IV and VI of the Complaint that the Ordinance violates their right to free exercise of religion under the First Amendment of the United States Constitution and Article I, Section 7 of the Ohio Constitution.  Plaintiffs' claims under the provisions of either Constitution fail.

The First Amendment of the United States Constitution protects a person's ability to freely exercise their religion.  *Robol v. City of Columbus*, 2025-Ohio-973, ¶ 37 (Ohio Ct. App. 2025) (citing *Freshwater v. Mt. Vernon City School Dist. Bd. of Edn.*, 1 N.E.3d 335, 352 (Ohio 2013)).  "The protections of the Free Exercise Clause apply whenever the government regulates or prohibits

14

conduct because it is undertaken for religious reasons." *Id.* (citing *Freshwater*, 1 N.E.3d at 352) (internal quotations omitted).  The First Amendment also "requires that the government commit itself to religious tolerance." *Meriwether v. Hartop*, 992 F.3d 492, 512 (6th Cir. 2021) (quoting *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 584 U.S. 617 (2018)) (internal quotations omitted).  This means that "laws that burden religious exercise are presumptively unconstitutional unless they are both neutral and generally applicable." *Id.* (citing *Employment Div. v. Smith*, 494 U.S. 872, 877-78 (1990)).

It is the plaintiff's burden to show that the government's policy is not neutral or generally applicable. *Kennedy v. Bremerton School Dist.*, 597 U.S. 507, 525 (2022).  A plaintiff may prove a free exercise violation "by showing that a government entity has burdened his sincere religious practice pursuant to a policy that is not neutral or generally applicable." *Robol*, 2025-Ohio-973 at ¶ 38 (quoting *Kennedy*, 597 U.S. at 525) (internal quotations omitted).  Thus, a government policy—or in this case, the Ordinance—will survive First Amendment scrutiny if it is generally applicable and neutral toward religion. *See id.* (citing *Kennedy*, 597 U.S. at 525).

Plaintiffs allege that the Ordinance impermissibly burdens their free exercise of religion. (ECF No. 1 at ¶ 130).  However, the Ordinance applies to all persons, and it does not regulate religious activity, religious creed, or religious affiliation.  Therefore, the Ordinance is both neutral and generally applicable. *See Kennedy*, 597 U.S. at 525.

Despite the general applicability and neutrality of the Ordinance, Plaintiffs nonetheless allege that their rights have been violated under the Free Exercise Clause because the Ordinance "substantially burdens Plaintiffs' sincerely held religious beliefs and expression." (ECF No. 1 at ¶ 131).  A government action is not unconstitutional merely because it incidentally burdens religious practices. *See Kentucky ex rel. Danville Christian Academy, Inc. v. Beshear*, 981 F.3d

15

505, 509 (6th Cir. 2020) (citing *Roberts v. Neace*, 958 F.3d 409, 413 (6th Cir. 2020)).  Thus, even if Plaintiffs are motivated by sincerely held religious beliefs, their beliefs "[are] not determinative where there is a neutral rule of general applicability."  *Id.*  Accordingly, Plaintiffs' First Amendment free exercise claim fails and should be dismissed.

Plaintiffs' claim that the Ordinance violates their right to free exercise of religion under Article I, Section 7 of the Ohio Constitution also fails.  To state a prima facie free exercise claim under the Ohio Constitution, the plaintiff must show that his religious beliefs are truly held and that the governmental enactment has a coercive effect against him in the practice of his religion. *Humphrey v. Lane*, 728 N.E.2d 1039, 1045 (Ohio 2000).  *Only* once the plaintiff has made a prima facie case does the burden shift to the state to prove that the regulation furthers a compelling state interest.  *Id.*  Here, Plaintiffs have failed to make a prima facie case.

Defendants do not dispute that Plaintiffs' religious beliefs are truly held (nor can they at this juncture—as the allegations in Plaintiffs' Complaint must be taken as true).  However, Plaintiffs have failed to plausibly allege that the Ordinance has a coercive effect against them in the practice of their religion.  Plaintiffs do not allege that the Ordinance interferes with Plaintiffs' ability to freely exercise their religion.  Moreover, there are no allegations in the Complaint that Plaintiffs have ceased their pro-life activities.  To the contrary, Plaintiffs concede in the Complaint and Motion for Preliminary Injunction that they continue to engage in protest activities since December 28, 2024 in the same location.  (ECF No. 1 at ¶¶ 4-5, 110; ECF No. 3 at ¶ 3).  Therefore, Plaintiffs' free exercise claim under the Ohio Constitution also fails and should be dismissed.

### E.    Plaintiffs' Equal Protection Claims Fail

Plaintiffs allege in Count V of the Complaint that the Ordinance violates their right to equal protection under the Fourteenth Amendment to the United States Constitution.  The Equal Protection clause "bars governmental discrimination that either (1) burdens a fundamental right,

(2) targets a suspect class, or (3) intentionally treats one differently from others similarly situated without any rational basis for the difference." *Green Genie, Inc. v. City of Detroit, Mich.*, 63 F.4th 521, 527 (6th Cir. 2023) (citing *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005)).  "[A] valid equal-protection claim requires showing that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Reform Am. v. City of Detroit, Mich.*, 37 F.4th 1138, 1152 (6th Cir. 2022) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)) (internal quotations omitted).

Plaintiffs allege that "Defendants have engaged in discrimination based on religious viewpoint, enforcing their unwritten interpretation of [the Ordinance] uniquely against religious speakers[,]" and "[c]ompared to those who do not express a religious viewpoint, such as the pro-abortion escorts, Plaintiffs have been and will continued to be selectively mistreated."  (ECF No. 1 at ¶¶ 139, 141).  To establish selective enforcement "that rises to the level of a violation of their equal protection rights, the plaintiffs must prove *intentional, purposeful* discrimination."  *Birth Control Centers, Inc. v. Reizen*, 743 F.2d 352, 359 (6th Cir. 1984) (emphasis in original).  A plaintiff must satisfy a three-pronged test:

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, he must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*Cunningham v. Sisk*, 136 Fed. Appx. 771, 775 (6th Cir. 2005) (quoting *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991)).  With respect to the first prong, the Sixth Circuit has held that "it is an absolute requirement that the plaintiff make at least a prima facie showing

17

that similarly situated persons outside [his] category were not prosecuted." *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000) (citation omitted).

Here, Plaintiffs claim that the officers only cited and arrested Mr. Knotts, ignoring the abortion escorts making noise with comparable devices. (ECF No. 1 at ¶ 46). Yet, Plaintiffs concede in their Complaint that a nearby resident phoned the police, specifically complaining of noise from Mr. Knotts' megaphone. (ECF No. 1 at ¶¶ 58-59). The Complaint lacks allegations that the police received noise complaints about the abortion escorts and selectively chose not to enforce the Ordinance against them. Rather, the officers responded to a specific complaint—they did not selectively enforce the Ordinance. For these reasons, Plaintiffs' equal protection claim fails, and Count V should be dismissed.

## VI.  CONCLUSION

WHEREFORE, the Defendants, City of Cuyahoga Falls, Dylan Paratore, and Bradford Dobney respectfully, respectfully request that this Honorable Court grant their Partial Motion to Dismiss Plaintiffs' Complaint and enter an Order dismissing Plaintiffs' claims set forth in Counts I, II, III, IV, V, VI, and VII of Plaintiffs' Complaint.

*[Signature on following page]*

18

Respectfully submitted,

DICKIE, MCCAMEY & CHILCOTE, P.C.

By: /s/ Paul J. Schumacher
       **PAUL J. SCHUMACHER (0014370)**
       600 Superior Avenue East
       Fifth Third Center, Suite 2330
       Cleveland, Ohio 44114
       216.685.1827 – Telephone
       888.811.7144 – Facsimile
       pschumacher@dmclaw.com

       **PAUL A. ROMAN, JR.**
       **MARIA V. HANLEY**
       Four Gateway Center
       444 Liberty Avenue, Suite 1000
       Pittsburgh, Pennsylvania 15222
       412.281.7272 – Telephone
       888.811.7144 – Facsimile
       proman@dmclaw.com
       mhanley@dmclaw.com

       **Attorneys for Defendants**
       **City of Cuyahoga Falls, Dylan**
       **Paratore, and Bradford Dobney**

## <u>CERTIFICATE OF LOCAL RULE 7.1 COMPLIANCE</u>

I certify that this Memorandum adheres to the page limitations set forth in Local Rule 7.1(f)

for standard/unassigned cases because it does not exceed 20 pages in length.


/s/ Paul J. Schumacher
**PAUL J. SCHUMACHER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2025, I filed the foregoing **Memorandum of Law in Support of Defendants' Partial Motion to Plaintiffs' Complaint** with the Clerk using the CM/ECF System, which will send notification of such filing to all counsel of record.

DICKIE, McCAMEY & CHILCOTE, P.C.

By: /s/ Paul J. Schumacher
    **PAUL J. SCHUMACHER**

    **Attorneys for Defendants**
    **City of Cuyahoga Falls, Dylan**
    **Paratore, and Bradford Dobney**
