**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ZACHARY KNOTTS and LINDSAY KNOTTS,** ) | |
| ) | |
| ) | **Case No. 5:25-CV-01120-JRA** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **JUDGE JOHN R. ADAMS** |
| ) | |
| **CITY OF CUYAHOGA FALLS, DYLAN** ) | |
| **PARATORE, in his individual and** ) | |
| **official capacities, and BRADFORD** ) | |
| **DOBNEY in his individual and official** ) | |
| **capacities,** ) | |
| ) | |
| **Defendants.** ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants City of Cuyahoga Falls, Dylan Paratore, and Bradford Dobney respectfully

submit this Reply Memorandum of Law in Support of Defendants' Partial Motion to Dismiss

Counts I, II, III, IV, V, VI, and VII of Plaintiffs' Complaint.

## I.     ARGUMENT

### A.     The Ordinance's Exceptions Are Not Content-Based.

Contrary to Plaintiffs' assertions, the Ordinance's exceptions are content neutral.  They do

not favor or disfavor the message conveyed.  Rather, the exceptions only distinguish based on

location.  "A regulation that serves purposes unrelated to the content of expression is deemed

neutral, even if it has an incidental effect on some speakers or messages but not others."  *Ward v.*

*Rock Against Racism*, 491 U.S. 781, 791 (1989).  Plaintiffs argue that "the Ordinance creates

speaker-based classifications . . . [b]y permit[ting] sound amplification by religious organizations,

educational institutions, and government entities[.]"  (Resp. at p. 5).  Plaintiffs', however, neglect

1

to account for the fact that the exemption only applies to "live outdoor musical or theatrical performances or concerts"—not all sound amplification.  509.03(a)(6)(B)(2).  Even then, "live outdoor musical or theatrical performances or concerts" may still occur at "any outdoor entertainment facility" regardless of the property owner.  509.03(a)(6)(B)(2).  Further, the ordinance contains no content-based distinctions for speech.

Here, whether an individual violates the Ordinance depends not on what they say, but simply where the individual says it.  It is permissible for an ordinance to apply differently based upon location  *See e.g.*, *Covenant Media of S.C., LLC, v. City of N. Charleston*, 493 F.3d 421, 432-34, n. 9 (4th Cir. 2007) (deeming sign ordinance content neutral even though location of sign triggered different regulation for different types of signs because the signs were not distinguished by the messages conveyed).  Accordingly, the exceptions do not render the Ordinance content-based.

**B.      The Existence of a Conceivable Alternative Channel of Communicaition Does Not Render the Ordinance Constitutionally Inadequate.**

Plaintiffs argue that "the City's failure to consider . . . alternatives demonstrates the Ordinance's constitutional inadequacy."  (Resp. at p. 7).  A legislative enactment is not overbroad only because there exists "some imaginable alternative that might be less burdensome on speech."  *United States v. Albertini*, 472 U.S. 675, 689 (1985) (citing  *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 299 (1984)).  Notably, "an alternative is not inadequate simply because the speaker must change its tactics.  If this were so, then a speaker could limit the adequacy of alternatives by choosing its method of communication and limiting its tactics to a specific form of communication.  Such a rule would largely deprive the government of the ability to enact reasonable time, place, and manner restrictions."  *Harrington v. City of Brentwood*, 726 F.3d 861,

2

866 (6th Cir. 2013). Plaintiffs' argument that the Ordinance is constitutionally inadequate due to the existence of other alternatives fails.

**C.      The Ordinance Provides Sufficient Notice of the Proscribed Conduct.**

In arguing that the Ordinance is vague, Plaintiffs suggest that the Ordinance is most like the one in *Coates v. Cincinnati*, 402 U.S. 611 (1971), and they rely on *United States v. Williams*, 553 U.S. 285, 306 (2008) in support. Accordingly, they criticize Defendants' reliance on *State v. Carrick*, 965 N.E.2d 264 (Ohio 2012), and *City of Akron v. Pouliot*, 2011-Ohio-2504 (Ohio Ct. App. 2011). However, both *Coates* and *Williams* were decided **before** *Carrick* and *Pouliot*, yet, even in light of those cases, the Ohio courts still found that the laws at issue provided sufficient notice of the proscribed conduct. *See Carrick*, 965 N.E.2d at 341-42 (rejecting challenge to statute prohibiting any person from recklessly causing inconvenience, annoyance, or alarm by making unreasonable noise); *Pouliot*, 2011-Ohio-2504 at *P6 (rejecting challenge to ordinance prohibiting unreasonable noise or loud sound which was likely to cause inconvenience or annoyance to persons of ordinary sensibilities).

The Supreme Court explained that "[i]mpossible standards of specificity are not required." *Jordan v. De George*, 341 U.S. 223, 231 (1951). "The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Id.* at 231-32. Here, the phrase "inconvenience, annoyance, or alarm," as used in the Ordinance, fairly informs a reasonable person of the prohibited conduct. Therefore, the Ordinance is not vague, and Plaintiffs' claim should be dismissed.

**D.      The Knotts' Single Incident Does Not Equate to a Repeated Decision.**

Plaintiffs attempt to minimize the fact that Mr. Knotts was only cited once by arguing the Defendants made "the repeated decision to never arrest or charge the pro-abortion protestors despite their many repeated uses of musical instruments that violate the Ordinance, with no

consequence." (Resp. at p. 14). Plaintiffs suggest that the events on and arising from December 28, 2024 are indicative of a systemic pattern of viewpoint discrimination. (Resp. at p. 15). Notably absent from Plaintiffs' Complaint, however, are allegations that they—or anyone else—have ever complained about the pro-abortion protestors on any occasion, except for on December 28, 2024, when Mrs. Knotts complained about them in response to her husband's arrest.

While Plaintiffs' attempt to argue that the events surrounding Mr. Knotts' arrest constitute a "pattern" or "practice," the case law is clear that a single incident does not constitute a "pattern" or "policy" that can give rise to municipal liability. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability"). Plaintiffs' as-applied challenge to the Ordinance fails.

**E.      The Ordinance Only Incidentally Burdens the Knotts' Religious Practices.**

A government action is not unconstitutional merely because it incidentally burdens religious practices. *See Kentucky ex rel. Danville Christian Academy, Inc. v. Beshear,* 981 F.3d 505, 509 (6th Cir. 2020) (citing *Roberts v. Neace,* 958 F.3d 409, 413 (6th Cir. 2020)). When the burden on a plaintiff's religious practices is incidental, it is not subject to strict scrutiny. *Id.* at 510 (citing *Roberts*, 958 F.3d at 413). "[A] burden must be more than a mere inconvenience to rise to the level of a constitutional injury; it must place significant pressure on [a plaintiff] to forego religious precepts or to engage in religious conduct." *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 999 (7th Cir. 2006) (internal quotation marks omitted). Here, the Ordinance is only an incidental burden—at most—on Plaintiffs' religious exercise. It does not prevent Plaintiffs from worshipping or engaging in activities central to their religious beliefs, and the Ordinance does not single out religious conduct for enforcement. Instead, the Ordinance merely prevents an individual from causing "inconvenience, annoyance or alarm" to "persons of ordinary sensibilities" by means

4

of a "sound amplifying device." Such language constitutes, at most, an incidental burden on religious expression, and is not unconstitutional.

### F.    The Knotts' Class Of One Argument is Misplaced.

Plaintiffs have not sufficiently alleged intentional discrimination for a class-of-one equal protection claim.  (Resp. at p. 18).  The Supreme Court's decision in *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591 (2008), undermines this theory.  In *Engquist*, the Supreme Court held that a "class-of-one" theory is available only in limited contexts.  The Court found that the "class-of-one" theory was inappropriate for areas in which a State depends on the discretionary determinations made by its employees:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.  In such cases the rule that people should be "treated alike under like circumstances and conditions" is not violated when one person is treated differently than others, because treating like individuals differently is an accepted consequence of the discretion granted.  In such situations, allowing a challenge based on the arbitrary singling out of a single person would undermine the very discretion that such state officials are entrusted to exercise.

553 U.S. at 603.  The Supreme Court illustrated this point with the example of a traffic officer stationed along a busy highway where people often drive above the speed limit. *Id.* at 604.  If the officer gives a speeding ticket to one driver "allowing an equal protection claim on the ground that the ticket was given to one person and not others, even for no discernable or articulable reason, would be incompatible with the discretion inherent in the challenged action.  It is no proper challenge to what is in its nature a subjective, individualized decision that it was subjective and individualized." *Id.*

Moreover, "the hallmark of a class-of-one claim is not the allegation that one individual was singled out, but rather, the allegation of arbitrary or malicious treatment not based on

5

membership in a disfavored class." *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012) (cleaned up).[1]  A plaintiff "must overcome a 'heavy burden' to prevail based on the class-of-one theory."  *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012) (citation omitted).

Here, Plaintiffs allege discrimination based on religious viewpoint and the content of their speech.  (Compl., at ¶¶ 139, 144).  The Complaint lacks any allegations that Plaintiffs were arbitrarily and maliciously treated for reasons unrelated their religious views or that any defendant harbored animus as to the Plaintiffs in particular.  Accordingly, Plaintiffs have failed to state a claim based on the class-of-one theory.

---

[1] *See also Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) ("The 'class of one' theory . . . is unusual because the plaintiff in a "class of one" case does not allege that the defendants discriminate against a ***group*** with whom she shares characteristics, but rather that the defendants simply harbor animus against her ***in particular*** and therefore treated her arbitrarily."  (emphasis in original).

## II.    CONCLUSION

WHEREFORE, the Defendants, City of Cuyahoga Falls, Dylan Paratore, and Bradford Dobney respectfully, respectfully request that this Honorable Court grant their Partial Motion to Dismiss Plaintiffs' Complaint and enter an Order dismissing Plaintiffs' claims set forth in Counts I, II, III, IV, V, VI, and VII of Plaintiffs' Complaint.

Respectfully submitted,

DICKIE, MCCAMEY & CHILCOTE, P.C.

By:  /s/ Paul J. Schumacher
**PAUL J. SCHUMACHER (0014370)**
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio 44114
216.685.1827 – Telephone
888.811.7144 – Facsimile
pschumacher@dmclaw.com

**PAUL A. ROMAN, JR.**
**MARIA V. HANLEY**
Four Gateway Center
444 Liberty Avenue, Suite 1000
Pittsburgh, Pennsylvania 15222
412.281.7272 – Telephone
888.811.7144 – Facsimile
proman@dmclaw.com
mhanley@dmclaw.com

**Attorneys for Defendants**
**City of Cuyahoga Falls, Dylan**
**Paratore, and Bradford Dobney**

7

## CERTIFICATE OF LOCAL RULE 7.1 COMPLIANCE

I certify that this Reply adheres to the page limitations set forth in Local Rule 7.1(f) for standard/unassigned cases because it does not exceed 20 pages in length.

/s/ Paul J. Schumacher
**PAUL J. SCHUMACHER**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 20, 2025, I filed the foregoing **Reply Memorandum in Support of Defendants' Partial Motion to Plaintiffs' Complaint** with the Clerk using the CM/ECF System, which will send notification of such filing to all counsel of record.

DICKIE, McCAMEY & CHILCOTE, P.C.

By: /s/ Paul J. Schumacher
    **PAUL J. SCHUMACHER**

    **Attorneys for Defendants**
    **City of Cuyahoga Falls, Dylan**
    **Paratore, and Bradford Dobney**